IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONTAVIUS DEVON JONES, # 257412, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:20cv540-RAH-SMD |
| ) | (WO) |
| LEON BOLLING, *et al.,* ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 23, 2020, Alabama inmate Dontavius Devon Jones filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254[1] challenging his 2015 conviction for felony murder. Doc. 1.[2] For the reasons discussed below, the Magistrate Judge recommends that Jones's petition be dismissed as time-barred under the federal statute of limitations, 28 U.S.C. § 2244(d).

**I.  BACKGROUND**

On October 20, 2015, a Montgomery County jury found Jones guilty of felony murder, in violation of ALA. CODE § 13A-6-2(a)(3). Doc. 10-1 at 32. On December 2,

---

[1] Jones's petition was date-stamped as received by the Court on July 30, 2020. He avers that he placed it in the prison mailing system on June 23, 2020. Under the "prison mailbox rule," a *pro se* petition is deemed filed on the date it is delivered to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

[2] References to documents filed in this case are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

2015, Jones was sentenced as a habitual felony offender to a term of life imprisonment without the possibility of parole. *Id*. at 49.

Jones appealed, arguing that (1) the trial court's jury instructions on felony murder were improper; (2) the trial court erred in consolidating his trial with that of his codefendant; and (3) the State's evidence was insufficient to sustain his conviction. Doc. 10-6.

On September 2, 2016, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Jones's conviction and sentence. Doc. 10-8. Jones failed to file a timely application for rehearing, and on September 21, 2016, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. 10-9.

Over a year later, on November 30, 2017, Jones submitted a motion to the Alabama Court of Criminal Appeals seeking leave to file an out-of-time application for rehearing. Doc. 10-10. The Alabama Court of Criminal returned Jones's motion to him, unfiled. Doc. 10-11. On February 10, 2018, Jones filed a motion in the Alabama Supreme Court seeking leave to file an out-of-time petition for writ of certiorari in that court. Doc. 10-12. On February 26, 2018, the Alabama Supreme Court issued an order denying Jones's motion. Doc. 10-13.

Jones filed this § 2254 petition on June 23, 2020. Doc. 1. In his petition, he claims that the State's evidence was insufficient to sustain his conviction for felony murder. Respondents argue that his petition is time-barred.[3] Doc. 10.

---

[3] Respondents also argue that Jones's claims are unexhausted and procedurally defaulted because they were not subjected to a complete round of appellate review in the Alabama courts. *O'Sullivan v. Boerckel*, 526

## II.     DISCUSSION

### A.     AEDPA's One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitation for filing federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

U.S. 838, 842 (1999). Because it is clear that the petition is time-barred, the Court pretermits discussion of the exhaustion issue.

### *1.   Computation of Timeliness*

As a general rule, a petition brought under § 2254 must be filed within a year after the date on which the underlying judgment becomes final, either by the conclusion of direct review or by the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Where a petitioner appeals his conviction to the Alabama Court of Criminal Appeals but does not timely seek review in the Alabama Supreme Court, his conviction becomes final for purposes of § 2244(d)(1)(A) on the date the time for seeking that review expires. *Kister v. Jones*, 2021 WL 5411213, at *3 (N.D. Ala. Oct. 26, 2021) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 137, 150 (2012)). A timely application for rehearing filed in the Alabama Court of Criminal Appeals is a prerequisite to review in the Alabama Supreme Court. Ala. R. App. P. 39(c)(1); 40(d)(1).

The Alabama Court of Criminal Appeals affirmed Jones's conviction in a memorandum opinion issued on September 2, 2016. Jones did not timely apply for rehearing in the Alabama Court of Criminal Appeals. (He did not file a timely petition for writ of certiorari in the Alabama Supreme Court, either.) Accordingly, Jones's conviction became final for purposes of § 2244(d)(1)(A) on the date his time for filing an application for rehearing in the Alabama Court of Criminal Appeals expired. *Kister*, 2021 WL 5411213, at *3; *Harvey v. Price*, 2018 WL 2731232, at *2 (N.D. Ala. Apr. 26, 2018). That date was 14 days after the Alabama Court of Criminal Appeals issued its September 2, 2016 memorandum opinion affirming Jones's conviction, i.e., September 16, 2016. Ala. R. App. P. 40(c). The AEDPA statute of limitations began to run on that date. Therefore,

absent some effective tolling event, Jones had until September 18, 2017 (the first business day after September 16, 2017) to file a timely petition under § 2254.

### 2. *Statutory Tolling*

Pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitations period is tolled during the pendency of a properly filed state court petition. 28 U.S.C. § 2244(d)(2). Jones, however, filed no state court petition (e.g., a petition under Rule 32 of the Alabama Rules of Criminal Procedure) collaterally attacking his conviction and/or sentence. Nor has Jones set forth any facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C), or (D); i.e., he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence. The Court therefore is unaware of any basis to apply statutory tolling in this case.

For Jones, AEDPA's statute of limitations under § 2244(d)(1)(A) expired on September 18, 2017. He filed his § 2254 petition on June 23, 2020—over 26 months after the limitations period expired.

### 3. *Equitable Tolling*

The one-year limitations period under § 2244(d)(1)(A) alternatively can be tolled on an equitable basis when a petitioner demonstrates that he has submitted an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.

5

1999). However, "equitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

"The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308. Jones, however, makes no argument, and brings forth no evidence, demonstrating that he is entitled to equitable tolling, and the Court knows of no reason that would support tolling of the limitation period in Jones's case. Jones's § 2254 petition is therefore time-barred.

  **B.**   **Actual Innocence**

Even when no basis exists for tolling the § 2244(d)(1)(A) limitations period, it has been recognized that an untimely petition can be considered if there is a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). A petitioner so asserting actual innocence must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the "extraordinary" case." *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Jones presents no new evidence of his actual innocence. Rather, he reargues the sufficiency and weight of the trial evidence. Doc. 12. Essentially, he reproduces the arguments he made on direct appeal.[4] Doc. 10-6. Such arguments are grossly insufficient to sustain a claim of actual innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Florida Dep't of Corr.*, 672 F.3d 1000, 1017–18 (11th Cir. 2012) (evidence is not considered "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. Jul. 30, 2012) (allegations going to sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence). Put most succinctly, "the actual innocence exception remains only a safety valve for the

---

[4] The Alabama Court of Criminal Appeals held that Jones's challenge to the sufficiency of the evidence to sustain his conviction was not preserved for review on appeal. Doc. 10-6 at 12–13. However, the court found that even if the issue was preserved for appellate review, it entitled Jones to no relief because "there was sufficient evidence from which the jury could have concluded that he was guilty of felony murder." *Id.* at 13–15.

extraordinary case," *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted), and Jones has not presented that case.[5]

## III. CONCLUSION

For these reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that Jones's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 4, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R.

---

[5] The Court notes that the Eleventh Circuit has left open the question of whether "freestanding" actual-innocence claims may be brought in non-capital cases. *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1272 (11th Cir. 2010); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007). Assuming that Jones were permitted to assert actual innocence as a freestanding claim, he still would be subject to AEDPA's procedural restrictions, including the limitations period under § 2244(d). *See, e.g., Moody v. Thomas*, 89 F. Supp. 3d 1167, 1270–71 (N.D. Ala. 2015) (freestanding actual-innocence claim, if cognizable, was subject to exhaustion requirement).

3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 21st day of October, 2022.

                            /s/ Stephen M. Doyle
                            STEPHEN M. DOYLE
                            CHIEF U.S. MAGISTRATE JUDGE